I'm Kelly Martinez. I represent the plaintiff appellant here, and may it please the court. I'd like to address a couple of points here that were addressed in the briefs, but a little more in detail. First of all, the question here is, did the evidence that the plaintiff present raise genuine issues of material fact, such that to defeat a summary judgment? In this case, the answer is yes. And I'd like to direct the discussion here on plaintiff's evidence of his disability and the failure to accommodate question. First of all, the US Postal Service says that they had no knowledge of plaintiff's disability in this case, and therefore had no duty to accommodate his disability. Which disability are you talking about? Well, in the complaint, and in the plaintiff's deposition, he testified that his physical disability in the complaint was his cluster headaches, and his mental disability was his depression. That is in the deposition testimony that he provided, and then again, also in the complaint. Which is the one that the government wasn't aware of either one? Government was aware of both. In 1993, the government became aware of Mr. Trujillo's cluster headaches, and in 1997, of the depression. The cluster headaches and the depression were treated on an annual basis using family leave under the FMLA. And as we know, being able to take that kind of leave requires medical documentation to support these kinds of the physical and the mental disabilities that Mr. Trujillo suffered for years and years. In fact, Mr. Trujillo's supervisors stated in declarations that they were aware of his depression, and they were aware of his cluster headaches, and they had been for years. But they say the reason they terminated Mr. Trujillo was because of his absenteeism problem. We submit, Your Honor, the reason for the absenteeism is the disability itself. And under a couple of cases, the Criado versus IBM Corporation case, where the plaintiff requests accommodation and is termed in the form of leave to treat his disability, and the employer terminates the employee because of the absences, that is disability discrimination under the law. That's what we submit happened here. Because the defendants were well aware of the plaintiff's mental and physical disabilities of the depression and the cluster headaches, they had a duty to accommodate Mr. Trujillo's requests to treat his disabilities. His requests were in the form of calls to his employer in December of 1999, stating that he was sick and he needed to take time off work. He also submitted medical documentation from his doctor beginning December of 1999, five different notes from December through March of 2000, stating that, first of all, Mr. Trujillo was suffering from stress. He needed time off work to treat that. Then it escalated to being suicidal and threatening his parents. It escalated to being needed to be admitted to an in treatment, an in-house treatment for his depression. And all of these reports were made by his doctor to the employer. When I think about accommodation, it's usually you think of the employer affording the employee some adjustment in the work routine or work schedule or something that allows the employee to come back to work and work on a regular basis and do the essential functions of the job. Correct. How does this particular accommodation, letting him take off whenever he needs to take off, satisfy the need to be at work? Because, first of all, he needed time to treat his disability, which he did, and then he was cleared to go back to work, and he was able to. How often were they supposed to do that? Every time it happened? They were, whenever it was not an undue hardship on the employer. And there's no evidence that doing so is an undue hardship on this employer. Their only reason for denying the time off is because he used up all of his FMLA leave. They said nothing about being a hardship to the employer other than that. So this is an accommodation for the past, and what about for the future? I don't understand. Well, your point is that he used up all his FMLA leave time, right? Correct. All right. And so he had some time when he was absent. Correct. Right. And so your argument is that they should have accommodated him, his condition, either the depression or his cluster headaches, by extending him more time off. Correct. Essentially excusing that time. Right. And we're only talking about a week or so time at most. Okay. Well, how about the next time? Well, if that is an undue hardship, then an employer would have a reason not to accommodate Mr. Treehill. But again, that is not in the record. The record shows that he does have these ongoing headaches and depression episodes, and that when he notified the employer that he was ongoing and having these symptoms, the employer did not accommodate that and simply terminated him because of the symptoms of the disability. What I want to also... But the employer relied on his prior absences. Which of those absences were caused by the disabilities? Well, we submit, Your Honor, that the medical documentation, the notes submitted by the doctor, established that the need to treat his disability arose in December 17, 1999, through March when he returned to work 2000. Right. But it appears on the record that when he was absent from work, he gave explanations other than his disability for the absence. There were a few days prior to December 17 that were a reason for the termination that were not associated with his depressive episode. And was he a perfect employee? No. However, we have evidence that other employees who were non-disabled were allowed to come to work late and miss work as much as or more than Mr. Trujillo, and they were not disciplined. So we submit that the evidence shows that at least there are genuine issues of material fact here for a jury to weigh out. Did the employer terminate Mr. Trujillo because of his disability? Did they fail to accommodate him? Did they retaliate against him because of his disability? So I would like to reserve a few minutes in rebuttal, if I could, if there are no more questions. Thank you. Thank you, counsel. Good morning, Your Honors, and may it please the Court, my name is Todd Pickles, and I represent the appellees, the Postmaster General, and the Federal Defendants. This Court should affirm the District Court's grant of summary judgment for two reasons. First, the District Court properly granted summary judgment against plaintiff on his Rehabilitation Act claim because it is well established that there is no violation of the Rehabilitation Act for an employer's refusal or declining an employee's request to retroactively accommodate a disability, and that is the case with all of the dates that are at issue with respect to the failure to accommodate claim. Second, the District Court properly granted summary judgment with respect to Mr. Trujillo's claim of retaliation, finding that even if the plaintiff had established a prima facie case of retaliation, the repeated evidence of absences and disciplinary action was more than sufficient evidence of a non-discriminatory, legitimate justification for his termination, and Mr. Trujillo presented no evidence of pretext. Now, on appeal, a plaintiff relies on evidence that was either never specifically identified in the record, primarily statements by Mr. Trujillo's supervisor, or new evidence of allegedly similarly situated individuals being treated differently. That evidence was clearly never before the District Court in any fashion, and this new evidence is not a basis by which this Court should reverse the District Court's well-considered decision granting summary judgment. Rather, appellees respectfully request this Court affirm the entry of summary judgment. With respect to the Rehabilitation Act claim, I would direct Your Honor's attention to well established authority, providing that there is only prospective accommodation with respect to disabilities. In this case, in December of 1999, the first indication of any medical reason for missing the dates from the 19th through the end of the year was a note that was received on December 30th. That would not be retroactively applicable to the other dates missed. And then again in March of 2000, once again, there was no prospective request for accommodation. It was merely after the fact. Indeed, after Mr. Trujillo was informed he was going to be terminated, and therefore on that case, there would be no basis for a violation of the Rehabilitation Act. And then again, Your Honor, with respect to the Retaliation Claim, the District Court found that there was ample evidence to justify Mr. Trujillo's termination, and the new evidence presented before this Court should not be a basis to reverse the lower court's decision entering summary judgment. I gather that you would concede that under proper circumstances or with enough evidence that both cluster headaches and depression could constitute a qualified disability? Correct, Your Honor. That's a little bit of a... The reason that it's not addressed in the District Court's papers is because the cluster headaches and depression at that point were not the indicated basis of plaintiff's disability. It was primarily substance abuse and the need for him to enter a rehabilitation program to become clean and sober. It was later in deposition that plaintiff expressed that he had these problems with cluster headaches and depression. That evidence was never cited to the District Court. But even assuming that a plaintiff had somehow raised that early on, that these absences were caused by cluster headaches or depression, once again, that had to be made known to the Postal Service prior to seeking the accommodation. In this case, that wasn't the case. But specifically addressing the Court's question, certainly under certain factual circumstances, either cluster headaches or migraine headaches, I think in the Kimbo case before this Court had a similar situation, and depression, many courts have found that in certain circumstances, that can be a disability requiring prospective accommodation under the Disability Act, I mean the Rehabilitation Act or the ADA. Thank you, Your Honor. Thank you, Counsel. Ravonna? With regard to the retroactive request for reasonable accommodation, that is not what happened here. Mr. Trujillo suffered from these well-known disabilities and he was beginning to miss work. He called in sick. His doctor submitted this documentation supporting these disabilities. It was at the time when the doctor and Mr. Trujillo himself notified the employer that he needed a change in his work environment to help his disability. That was when the defendant's obligation to reasonably accommodate was triggered. Defendants are arguing that we have to wait until an employee uses the magic words reasonable accommodation. Those words were used by Mr. Trujillo in March when he had done research on his own. Hey, I found out about this law. I want reasonable accommodation. He used the magic words. The employer is now saying that is when Mr. Trujillo requested accommodation and from that period on, that's when their duty was triggered. But that isn't the way the law treats this situation. Schmidt v. Safeway is a really good case that states that you can't rely on these magic words reasonable accommodation. You have to be aware of the disability and be put on notice as it was here from the doctor and Mr. Trujillo himself that he began suffering from these symptoms and needed some help. So in regards to the retroactive request for accommodation, we submit that that doesn't apply to this case. Now, in terms of this new evidence, the plaintiff did make a motion to supplement the record because he represented himself at the district court and at the EEOC hearing, the evidence that is requested to be added to the record here was entered into the record and relied upon by the judge at the EEOC hearing. The Postal Service was present in part of that litigation. They're well aware of what that evidence states. In fact, the judge there did find Mr. Trujillo suffered from the depression and the cluster headaches and that was a reason for his absences. Later, the judge determined that there was no evidence of pretext, which we submit is incorrect because of the evidence that we are asking the court to consider here. The time clock, the scheduling for the two other employees, the time clock rings, and also the analysis of absences for the year show that the other two employees who had the same kind of job that Mr. Trujillo had were under the same supervisor, worked the same time frame, were able to come to work late and miss either 20 to 50 times during the same period we're talking about Mr. Trujillo's involvement here. So that is evidence of pretext and under the Warren v. City of Carlsbad case, the plaintiff need produce very little evidence of pretext. Here we submit that that evidence is relevant and it should be added to the record because it was earlier in the proceedings and it was inadvertently omitted from the district court by the plaintiff himself. Even though the defendants noted in their reply brief to their motion for summary judgment that indeed this evidence was omitted by the plaintiff, they're aware that it was there. They just ignored it and we're asking the court to consider it here as it was early on and should be still part of the case. Thank you, counsel. You're welcome. The case is heard and will be submitted.
judges: Thomas, Paez, Ezra